## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-65-SLR |
| v. | ) ) | |
| APOTEX INC. and APOTEX CORP. | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS APOTEX, INC.'S AND APOTEX CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Apotex, Inc. and Apotex Corp. (collectively "Apotex") for their Answer, Affirmative Defenses and Counterclaims to Plaintiff Boehringer Ingelheim Pharmaceuticals, Inc.'s ("Boehringer") Complaint state as follows:

### PARTIES

1.     Plaintiff Boehringer Ingelheim Pharmaceuticals, Inc. (hereinafter "Plaintiff" or "Boehringer") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

**ANSWER:**

Admitted, upon information and belief

2.     On information and belief, Apotex Inc. is a corporation organized and existing under the laws of the Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

**ANSWER:**

Admitted.

3.        On information and belief, defendant Apotex Inc. manufactures numerous generic drugs for sale, distribution, and use throughout the United States, including this judicial district.

**ANSWER:**

Apotex admits that Apotex, Inc. manufactures generic drug products for sale, distribution and use throughout the United States, including this judicial district.

4.        On information and belief, Apotex Corp. is a corporation incorporated under the laws of the State of Delaware, having a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

**ANSWER:**

Admitted.

5.        On information and belief, Apotex Corp. sells numerous generic drugs manufactured and supplied by Apotex, Inc. throughout the United States, including this judicial district.

**ANSWER:**

Apotex admits that Apotex Corp. sells generic drug products manufactured and supplied by Apotex, Inc. throughout the United States, including this judicial district.

6.        Apotex Inc. and Apotex Corp. are hereinafter collectively referred to as "Apotex."

**ANSWER:**

Paragraph 6 fails to state an allegation, and thus, Apotex is not required to provide an answer or response to paragraph 6.

150206

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Admitted.

8.      Apotex sells various products and does business throughout the United States, including within this judicial district.

**ANSWER:**

Apotex admits that Apotex Corp. sells products and does business throughout the United States, including within this judicial district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b).

**ANSWER:**

Admitted.

## BACKGROUND

10.     United States Patent No. 5,098,715 ("the '715 patent") was duly and legally issued on March 24, 1992, to Burroughs Wellcome Co., the assignee of named inventors Terrance T. McCabe, Robert A. Stagner, and Joel E. Sutton, Jr.

**ANSWER:**

150206

Apotex admits that a copy of what purports to be United States Patent No. 5,098,715 ("the '715 patent") is attached to Boehringer's Complaint as Exhibit A. On its face, Exhibit A lists: an issue date of March 24, 1992; inventors Terrance T. McCabe, Robert A. Stagner and Joel E. Sutton, Jr.; and assignee Burroughs Wellcome Co. Apotex denies all remaining allegations contained in paragraph 10.

11.    The '715 patent was subsequently assigned to Boehringer. Boehringer is the current assignee of all right, title, and interest in the '715 patent, including the right to sue for infringement of that patent. The '715 patent is presently scheduled to expire on December 20, 2010.

**ANSWER:**

Apotex is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11, and therefore denies the same and demands strict proof thereof.

12.    The '715 patent describes and claims, among other things, a flavored film-coated pharmaceutical tablet and a method of preparing flavor-coated pharmaceutical tablets. A true and correct copy of the '715 patent is attached hereto as Exhibit A.

**ANSWER:**

Apotex admits that what purports to be a copy of the '715 patent is attached to Boehringer's Complaint as Exhibit A. Apotex denies all remaining allegations contained in paragraph 12.

13.    On August 31, 2004 the United States Food and Drug Administration ("FDA") approved new drug application ("NDA") No. 02-1698, Product Number 001 for ZANTAC® 150, a pharmaceutical composition containing Ranitidine Hydrochloride, under § 505(a) of the

4

Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 335(a). On March 13, 2007, the United

States FDA approved NDA No. 02-1698, Product Number 002 for ZANTAC® 150, a

pharmaceutical composition containing Ranitidine Hydrochloride, under § 505(a) of the Federal

Food, Drug and Cosmetic Act, 21 U.S.C. § 335(a). Boehringer is the holder of approved NDA

No. 02-1698 for Ranitidine Hydrochloride tablets OTC, which are sold under the trademarks and

trade names ZANTAC® 150 and ZANTAC® 150 Cool (hereinafter the "ZANTAC® 150 OTC

products").

**ANSWER:**

Apotex admits on information and belief that the United States Food and Drug

Administration's ("FDA") website lists an approval letter for New Drug Application ("NDA")

No. 02-1698 dated August 31, 2004. Apotex further admits on information and belief that the

FDA's website lists NDA No. 02-1698 as an over-the-counter ("OTC") drug product and the

holder of NDA No. 02-1698 as "Boehringer Ingelheim." Apotex is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments contained in

paragraph 13, and therefore denies the same and demands strict proof thereof.

14.     The publication *Approved Drug Products with Therapeutic Equivalence*

*Evaluations* (the "Orange Book") identifies drug products approved on the basis of safety and

effectiveness by the FDA under the Federal Food, Drug, and Cosmetic Act. The '715 patent is

listed in the Orange Book for ZANTAC® 150 OTC tablets.

**ANSWER:**

Apotex admits on information and belief that the publication *Approved Drug Products*

*with Therapeutic Equivalence Evaluations* (the "Orange Book") lists the '715 patent under

reference listed drug NDA No. 02-1698, product no. 002. Apotex is without knowledge or

150206

information sufficient to form a belief as to the truth of the remaining averments contained in

paragraph 14, and therefore denies the same and demands strict proof thereof.

15.    On information and belief, Apotex submitted to the FDA abbreviated new drug

application ("ANDA") No. 79-127 under the provisions of 21 U.S.C. § 355(j), seeking approval

to engage in the commercial manufacture, use, and sale of Ranitidine Hydrochloride tablets in

the 150 mg strength as a generic version of the ZANTAC® 150 OTC products.

**ANSWER:**

Apotex admits that Apotex, Inc. submitted Abbreviated New Drug Application

("ANDA") No. 79-127 to FDA seeking approval to engage in the commercial manufacture, use

and sale of its proposed 150 mg ranitidine hydrochloride tablets.  Apotex denies all remaining

allegations contained in paragraph 15.

16.    On information and belief, Apotex Corp. is the United States agent for Apotex

Inc. in matters relating to ANDA 79-127 arising before the United States Food and Drug

Administration.

**ANSWER:**

Apotex admits that Apotex Corp. is listed as the United States Agent in Apotex's ANDA

No. 79-127.  Apotex denies all remaining allegations in paragraph 16.

17.    In addition, Apotex Corp. is the United States agent for Apotex Inc. for service of

process with respect to ANDA 79-127.

**ANSWER:**

Admitted with respect to ANDA No. 79-127.

150206

18.    On information and belief, upon receipt of final approval from the FDA, Apotex Corp. intends to market and sell Ranitidine Hydrochloride tablets, 150 mg OTC in the United States, including within this judicial district.

**ANSWER:**

Apotex denies all allegations contained in paragraph 18.

19.    By letter dated December 18, 2007 (the "Apotex Letter"), Apotex advised Boehringer that it had submitted ANDA No. 79-127 seeking approval to engage in the commercial manufacture, use and/or sale of generic versions of ZANTAC® 150 OTC products prior to the expiration of the '715 patent. The Apotex Letter also advised Boehringer that Apotex's ANDA included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Apotex's opinion, the products described in Apotex ANDA will not infringe any of the claims of the '715 patent. The Apotex Letter also indicates that Apotex may have an unstated further basis allegedly supporting its Paragraph IV certification.

**ANSWER:**

Apotex admits that in a letter dated December 19, 2007 ("notice letter") Apotex, Inc. advised Boehringer that it had submitted ANDA No. 79-127 seeking approval to engage in the commercial manufacture, use and/or sale of its proposed 150 mg ranitidine hydrochloride tablets prior to the '715 patent. Apotex further admits that Apotex, Inc.'s notice letter advised Boehringer that ANDA No. 79-127 included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that Apotex, Inc.'s proposed 150 mg ranitidine hydrochloride tablets will not infringe any validly construed claim of the '715 patent and that Apotex may have further bases for its Paragraph IV certification. Apotex denies all remaining allegations contained in paragraph 19.

150206

20.    The Apotex Letter included an offer of confidential access to certain information from the Apotex ANDA, allegedly to afford Boehringer an opportunity to evaluate the information in connection with a determination whether to initiate an infringement action pursuant to 35 U.S.C. § 271(e)(2). Boehringer responded by attempting to accept Apotex's offer of confidential access by letter dated January 7, 2008 and received by Apotex on January 8, 2008. Apotex has not provided Boehringer with access to the requested documents, materials, and information.

**ANSWER:**

Apotex admits that Apotex, Inc.'s notice letter included an offer of confidential access pursuant to 21 U.S.C. 355(j)(5)(C)(i)(III). Apotex denies all remaining allegations contained in paragraph 20.

**CLAIM FOR RELIEF**

21.    Plaintiff incorporates each of the preceding paragraphs 1 to 20 as if fully set forth herein.

**ANSWER:**

Apotex repeats and reasserts its responses set forth in paragraphs 1 - 20 as if set forth fully herein.

8

22.      On information and belief, Apotex has committed an act of infringement of the '715 patent under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 79-127 containing a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of generic Ranitidine Hydrochloride OTC products before the expiration of the '715 patent.

**ANSWER:**

Apotex denies all allegations contained in paragraph 22.

23.      On information and belief, Apotex acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '715 patent.

**ANSWER:**

Apotex denies all allegations contained in paragraph 23.

24.      Boehringer is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 79-127 be deemed not earlier than the December 20, 2010 expiration date of the '715 patent (including any subsequent extension thereof), and an injunction precluding Apotex from infringing the '715 patent.

**ANSWER:**

Apotex denies all allegations contained in paragraph 24.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Boehringer respectfully requests the following relief.

A.      A judgment that Apotex has infringed the '715 patent by filing ANDA No. 79-127;

9

150206

B.      An order issued pursuant to 35 U.S.C. § 271(e)(4)(a) that the effective date of any approval of Apotex's ANDA No. 79-127 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C § 355(j)) be a date which is not earlier than the expiration date of the '715 patent (including any extension thereof);

C.      A permanent injunction, pursuant to 35 U.S.C § 271(e)(4)(B), restraining and enjoining Apotex and its officers, agents, attorneys and employees, and those acting in privity or concert with it, from infringement of the '715 patent for its full term (including any extension thereof);

D.      A declaration that this is an exceptional case and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

E.      Costs and expenses in this action; and

F.      Such other and further relief as the Court may deem just and proper.

## ANSWER:

Apotex specifically denies that Plaintiff is entitled to the general or specific relief requested against Apotex, or to any relief whatsoever, and prays for judgment in favor of Apotex dismissing this action with prejudice, and awarding Apotex its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Apotex, Inc. and Apotex Corp. aver and assert the following Affirmative Defenses to Plaintiff Boehringer Ingelheim Pharmaceuticals, Inc.'s ("Boehringer") Complaint.

150206

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 5,098,715)

The manufacture, use, sale, offer to sell or importation into the United States of Apotex, Inc.'s or Apotex Corp.'s proposed 150 mg ranitidine hydrochloride tablets that are the subject of ANDA No. 79-127 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly construed claim of U.S. Patent No. 5,098,715 ("the '715 patent") either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 5,098,715)

Upon information and belief, the claims of the '715 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112, and/or 37 CFR § 1.56.

150206

## COUNTERCLAIMS

1.      Counterclaimant Apotex, Inc. is a corporation organized under the laws of Canada, and its principal place of business is located at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

2.      Counterclaimant Apotex Corp. is a corporation incorporated under the laws of the State of Delaware, having a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

3.      Upon information and belief, Counterclaim Defendant Boehringer Ingelheim Pharmaceuticals, Inc. (hereinafter "Plaintiff" or "Boehringer") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

4.      As a consequence of Plaintiffs/Counterclaim Defendants' complaint against Apotex, Inc. and Apotex Corp. there is now an existing, continuing actual controversy between Boehringer and Apotex, Inc. and Apotex Corp., regarding the alleged infringement, validity and enforceability of U.S. Patent No. 5,098,715 ("the '715 patent").

5.      This Court has jurisdiction over the subject matter of these counterclaims pursuant to §§ 1331 and 1338 (a) of Title 28 of the U.S. Code because they involve substantial claims arising out of the United States Patent Act, 35 U.S.C. § 1, *et. seq*.

6.      This Court may declare the rights and legal relation for the parties pursuant to §§ 2201 and 2202 of Title 28 of the U.S. Code and § 271 (e)(5) of Title 35 of the U.S. Code because Apotex, Inc.'s and Apotex Corp.'s counterclaims present an actual controversy within the

150206

Court's jurisdiction that the patent asserted by Plaintiff/Counterclaim Defendant against

Defendants/Counterclaim Plaintiffs, Apotex, Inc. and Apotex Corp. is not infringed and/or is

invalid.

7.      Venue for these counterclaims is proper within this District in which

Plaintiff/Counterclaim Defendant's Complaint is pending.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '715 PATENT**

8.      The manufacture, use, sale, offer to sell or importation into the United States of

Apotex, Inc.'s or Apotex Corp.'s proposed 150 mg ranitidine hydrochloride tablets that are the

subject of ANDA No. 79-127 would not and will not directly, indirectly, contributorily and/or by

inducement, infringe any validly construed claim of the '715 patent either literally or under the

doctrine of equivalents.

**COUNT II**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '715 PATENT**

9.      Upon information and belief, the claims of the '715 patent are invalid for failure

to comply with one or more of the provisions of Title 35 of the United States Code, including,

but not limited to Sections 101, 102, 103 and/or 112.

**PRAYER FOR RELIEF**

**WHEREFORE,** Apotex, Inc. and Apotex Corp. respectfully request the Court to enter

judgment against counterclaim defendants Boehringer as follows:

A.      Declaring that Apotex, Inc.'s proposed 150 mg ranitidine hydrochlorides tablets

that are the subject of ANDA No. 79-127 would not and will not directly, indirectly,

contributorily and/or by inducement, infringe any validly construed claim of the '715 patent

either literally or under the doctrine of equivalents.

13

B.    Declaring that U.S. Patent No. 5,098,715 is invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, 102, 103, and/or 112.

C.    Awarding Apotex, Inc. and Apotex Corp. their reasonable costs and attorneys fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

D.    Awarding all such other and further relief as this Court may deem just and proper.

Dated: February 21, 2008

Respectfully Submitted,

/s/Jonathan L. Parshall
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
**MURPHY & LANDON**
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

*Of Counsel:*
Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois  60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendants**
**Apotex, Inc. and Apotex Corp.**

150206

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **APOTEX, INC.'S AND APOTEX CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 21st day of February, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Kenneth G. Schuler
Amanda J. Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-770

Carisa S. Yee
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

**MURPHY & LANDON**

/s/Jonathan L. Parshall
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

150206

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-65-SLR |
| v. | ) | |
| APOTEX INC. and APOTEX CORP. | ) ) | |
| Defendants. | ) ) | |

### APOTEX CORP.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, defendant Apotex Corp.

hereby discloses that Apotex Corp. is wholly owned by Aposherm, Inc. of Ontario, Canada.

Aposherm, Inc. is ultimately owned by Apotex Holdings Inc.  No publicly held corporation owns

10% or more of any of these companies.

Dated: February 21, 2008

Respectfully Submitted,

/s/Jonathan L. Parshall
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
**MURPHY & LANDON**
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

*Of Counsel:*
Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois  60606
312-443-0700
312-443-0336 (fax)

kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendant
Apotex Corp.**

150202

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **APOTEX CORP.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 21st day of February, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Kenneth G. Schuler
Amanda J. Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-770

Carisa S. Yee
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

**MURPHY & LANDON**

/s/Jonathan L. Parshall
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

150202

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-65-SLR |
| v. | ) ) | |
| APOTEX INC. and APOTEX CORP. | ) ) | |
| Defendants. | ) ) | |

<u>**APOTEX, INC.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT**</u>

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, defendant Apotex, Inc.

hereby discloses that Apotex, Inc. is wholly owned by Apotex Pharmaceutical Holdings, Inc.,

which itself is ultimately owned by Apotex Holdings Inc. No publicly held corporation owns

10% or more of any of these companies.

Dated: February 21, 2008

Respectfully Submitted,

<u>/s/Jonathan L. Parshall</u>
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
**MURPHY & LANDON**
1011 Centre Road, Suite 210
Wilmington, Delaware 19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

*Of Counsel:*
Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois 60606
312-443-0700
312-443-0336 (fax)

kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendant
Apotex, Inc.**

150204

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **APOTEX, INC.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 21st day of February, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Kenneth G. Schuler
Amanda J. Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-770

Carisa S. Yee
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

**MURPHY & LANDON**

/s/Jonathan L. Parshall
Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, DE I.D. No. 3247
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

150204