## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 08-65 (SLR)<br>)<br>)<br>)<br>) |

### SCHEDULING ORDER

At Wilmington this _3d_ day of April 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by April 9, 2008.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects:  infringement of the patent-in-suit, any contentions of invalidity of the patent-in-suit, any contentions of unenforceability of the patent-in-suit, and claim construction.

(b)    All fact discovery shall be commenced in time to be completed by March 27, 2009.

(1)    Document production shall be substantially completed on or before November 3, 2008.

(2)    A maximum of 25 interrogatories may be served by each side.

(3)    In the absence of agreement among the parties, contention interrogatories, if any, shall be first addressed by the party with the burden of proof no later than November 3, 2008, with the responsive answers due within thirty (30) days thereof.    The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of 75 requests for admission by each side for subjects other than the authenticity of documents.  Maximum of 200 requests for admission by each side relating to the authentication of documents.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of 10 fact depositions per side, with all depositions of a party taken pursuant to a Fed. R. Civ. P. 30(b)(6) notice counted as a single deposition.  Each fact deposition, other than those conducted pursuant to Fed. R. Civ. P. 30(b)(6) and/or those for which a translator may be necessary, limited to a maximum of 7 hours unless extended by agreement of the parties.  For depositions conducted pursuant to Fed. R. Civ. P. 30(b)(6) and/or any deposition for which a translator is necessary, the parties shall cooperate to set a reasonable time limit for any such deposition, which shall not exceed 14 hours.

(c)    Expert discovery shall be commenced in time to be completed by July 24, 2009.

(1)    Expert reports on issues for which the parties have the burden of proof due April 27, 2009.  Rebuttal expert reports due May 29, 2009.

(2)     The parties will meet and confer at a later date to discuss time limits concerning expert depositions.

(3)     All Daubert motions shall be filed on or before August 31, 2009.

(d)     Willfulness has not been asserted.  If willfulness is later asserted, the Court will set a date by which the defendant must inform plaintiff as to whether it intends to rely on advice of counsel.  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e)     Supplementation of prior discovery responses under Rule 26(e) are due on or before February 27, 2009.

(f)     **Discovery Disputes.**

(1)     The court shall conduct an in-person discovery status conference on October 21, 2008 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court**.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is

also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.     **Joinder of other Parties and Amendment of Pleadings.**

All motions to join other parties shall be filed on or before June 2, 2008. All motions to amend the pleadings shall be filed no later December 29, 2008.

4.     **Settlement Conference.**

Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5.     **Claim Construction Issue Identification.**

If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **thirty (30) days before the end of fact discovery**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.     **Summary Judgment Motions.**

No summary judgment motions shall be filed without leave of the court.

7.     **Claim Construction.**

Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the

4

ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on August 3, 2009, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on August 17, 2009. Simultaneous response briefs should be filed by September 8, 2009. The hearing on the claim construction will be heard on October 2, 2009 at 9:30 a.m.

8.    **Applications by Motion.**

Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.    **Motions *in Limine*.**

No motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.    **Pretrial Conference.**

A pretrial conference will be held on October 28, 2009, at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial.**

This matter is scheduled for a bench trial commencing on November 16, 2009, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total of 30 hours in which to present their respective cases.

United States District Judge