## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-65-SLR |
| v. | ) ) | |
| APOTEX INC. and APOTEX CORP. | ) ) | |
| Defendants. | ) ) | |

**APOTEX'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OF BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.**

Francis J. Murphy, DE I.D. No. 223
**MURPHY & LANDON LLP**
1011 Centre Road, Suite 210
Wilmington, Delaware 19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com
*Attorneys for Defendants*
*Apotex, Inc. and Apotex Corp.*

*Of Counsel:*

Alan B. Clement
**LOCKE LORD BISSELL & LIDDELL LLP**
885 Third Avenue, 26th Floor
New York, NY 10022
(212) 947-4700
(212) 947-1202
aclement@lockelord.com

Dated: June 2, 2008

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
111 South Wacker Dr.
Chicago, Illinois 60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ....................1

SUMMARY OF ARGUMENT.........................................................................................1

STATEMENT OF FACTS ..............................................................................................1

ARGUMENT  ...................................................................................................................2

    Legal Argument.........................................................................................................2

    I.  THE COURT SHOULD GRANT APOTEX'S MOTION TO DISMISS.................3

CONCLUSION ................................................................................................................4

TABLE OF AUTHORITIES

Cases

*Abbott Labs. v. Baxter Pharm. Products, Inc.*, 2002 U.S. Dist. LEXIS 5478
(N.D. Ill. Mar. 26, 2002)..................................................................................3

*Bristol-Myers Squibb Co. v. Royce Labs., Inc.*, 69 F.3d 1130 (Fed. Cir. 1995)....................3

*Ben Venue Labs., Inc. v. Novartis Pharm. Corp.*, 146 F. Supp. 2d 572, 577-79
(D.N.J. 2001) ...................................................................................................3

*City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).........................................................2

*Glaxo Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997) ...............................3

*Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 424 (D. Del. 2007) ...............................4

*Merck & Co. v. Watson Labs., Inc.*, 2006 U.S. Dist. LEXIS 36026, at *10
(D. Del. June 2, 2006)........................................................................................4

*Mortensen v. First Fed. Sav. and Loan*, 549 F.2d 884, 891 (3d Cir. 1977) .........................2

*Pfizer Inc. v. Ranbaxy Labs., Ltd.*, 525 F. Supp. 2d 680, 684 (D. Del. 2007)......................2

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995)....2


Other Authorities

21 CFR § 314.65..............................................................................................1, 2

21 C.F.R. § 314.95(c)(1)......................................................................................1

21 U.S.C. § 355(j)(2)(B)(ii)..................................................................................1

35 U.S.C. § 271(e)(1) ...........................................................................................3

35 U.S.C. § 271(e)(2) .......................................................................................1, 3

Federal Rule of Civil Procedure 12(b)(1)..........................................................1, 2

Federal Rule of Civil Procedure 12(h)(3)..............................................................2

13A Wright et al., Federal Practice and Procedure: Jurisdiction 2d, § 3536 (1984)............2

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Defendants, Apotex, Inc. and Apotex Corp. (collectively "Apotex"), hereby respectfully move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the complaint brought by Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer").

## SUMMARY OF ARGUMENT

The Court should dismiss this action under F.R.C.P. 12(b)(1), because there is no longer a case or controversy. Apotex has withdrawn its ANDA covering Boehringer's product and offered to dismiss its counterclaims.

## STATEMENT OF FACTS

Boehringer is the holder of approved NDA No. 02-1698 for Ranitidine Hydrochloride tablets OTC, which are sold under the trademark ZANTAC® 150 and ZANTAC® 150 Cool (hereinafter the "ZANTAC® 150 OTC products"). Boehringer also is the assignee of United States Patent No. 5,098,715 ("the '715 Patent").

On December 18, 2008, pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c)(1), Apotex informed Boehringer that it had submitted Abbreviated New Drug Application ("ANDA") No. 79-127 to the Food and Drug Administration ("FDA") to market generic Ranitidine Hydrochloride Tablets USP 150 mg (OTC). Under 35 U.S.C. § 271(e)(2), Boehringer filed its complaint against Apotex in this Court on January 31, 2008, charging Apotex with infringement of the '715 Patent.

On April 7, 2008, pursuant to 21 CFR § 314.65, Apotex withdrew its ANDA for generic Ranitidine Hydrochloride Tablets from consideration by the FDA. Promptly after withdrawing its ANDA, Apotex contacted Boehringer and requested that the present action be dismissed. (Ex. 1, 4/8/08 Email and attached ANDA withdrawal documents.) On May 14, 2008, Apotex

sent Boehringer a proposed Stipulated Dismissal and Order in which Apotex agreed not to refile

or reopen its ANDA for Ranitidine Hydrochloride Tablets USP 150 mg (OTC) prior to the

expiration of the '715 Patent.  (Ex. 2, 5/14/08 Email and attached Proposed Stipulated Dismissal

and Order.)  In addition, Apotex agreed that it would also dismiss its counterclaims.  (*Id.*)

Boehringer has not agreed to dismiss the case.

## ARGUMENT

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), this Court must dismiss a complaint if

the Court lacks subject matter jurisdiction over the claims alleged.  F.R.C.P. 12; *see also Pfizer*

*Inc. v. Ranbaxy Labs., Ltd.*, 525 F. Supp. 2d 680, 684 (D. Del. 2007).  Federal Rule of Civil

Procedure 12(h)(3) states "[w]henever it appears by suggestion of the parties or otherwise that

the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action."  F.R.C.P.

12(h)(3) (emphasis added).  Once the subject matter jurisdiction over a claim is challenged, the

nonmovant bears the burden of proving that jurisdiction exists.  *Mortensen v. First Fed. Sav. and*

*Loan*, 549 F.2d 884, 891 (3d Cir. 1977); *Pfizer*, 525 F. Supp. 2d at 684.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts

must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an

actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  An "actual

controversy must be extant at all stages of review, not merely at the time the complaint is filed."

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995).  If the

jurisdiction of a federal court is challenged, "the court has the power and the duty, subject to

review, to determine the jurisdictional issue."  13A Wright et al., Federal Practice and Procedure:

Jurisdiction 2d, § 3536 (1984).

2

Jurisdiction in the present patent action is provided by the Hatch-Waxman Act, which is codified by 35 U.S.C. § 271(e)(1), *et seq*. *See Ben Venue Labs., Inc. v. Novartis Pharm. Corp.*, 146 F. Supp. 2d 572, 577-79 (D.N.J. 2001) (providing a detailed description of patent litigation under the Hatch-Waxman Act). "Once it is clear that a party seeking approval of an ANDA wants to market a patented drug prior to the expiration of the patent, the patent owner can seek to prevent approval of the ANDA by bringing a patent infringement suit." *Bristol-Myers Squibb Co. v. Royce Labs., Inc.*, 69 F.3d 1130 (Fed. Cir. 1995). Patent holders usually employ Section 271(e)(2) as the "hook" for jurisdiction because the provision serves to provide patentees with "a defined act of infringement sufficient to create case or controversy jurisdiction to enable a court to promptly resolve any dispute concerning infringement and validity." *Glaxo Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997). Thus, it is the notional act of infringement by submitting the ANDA that creates the controversy over which this Court has subject matter jurisdiction. *See* 35 U.S.C. § 271(e)(2); *Ben Venue*, 146 F. Supp. 2d at 578.

## I.    THE COURT SHOULD GRANT APOTEX'S MOTION TO DISMISS

Apotex's argument is simple. Because it has withdrawn its ANDA, the controversy—created by 35 U.S.C. § 271(e)(2) and under which Boehringer brought this action—has been eliminated. On this point, *Abbott Labs. v. Baxter Pharm. Products, Inc.*, 2002 U.S. Dist. LEXIS 5478 (N.D. Ill. Mar. 26, 2002), is instructive. In that case, Abbott brought a lawsuit under 35 U.S.C. § 271(e)(2) against Baxter for patent infringement of, *inter alia*, its patent covering a drug container. *Id*. at *3. During the course of the litigation, Baxter withdrew its ANDA submission covering Abbott's drug container and moved for dismissal of Abbott's claim. *Id*. Abbott contended that the court maintained jurisdiction because "Baxter has not agreed to permanently abandon its [container covering] application during the lives of Abbott's [patents]." *Id*. at *4.

3

The court in *Abbott* dismissed the claim against Baxter because it found the alleged

infringement of Abbott's patents nonjusticiable. *Id.* at *5. According to the court, dismissal was

warranted:

> [I]n light of the fact that the plastic bottles were withdrawn from
> Baxter's ANDA and the ANDA process itself we find that this
> claim is no longer ripe. The ANDA process provides that before
> Baxter can bring any new product to market, it needs FDA
> approval. In the unlikely event that Baxter did decide to seek FDA
> approval of its generic sevoflurane in a PET container that
> allegedly infringes the '668 patent, Abbott [sic] would have to file
> a new Paragraph IV certification, which would entitle Abbott to a
> new 30-month period in which to litigate the case, during which
> FDA approval would be stayed. As a result, any attempt by Baxter
> to re-file its application for approval of the product in the PET
> containers would only benefit Abbott by providing them with a
> new 30 month stay on the FDA approval of Baxter's product.

*Id.* at *5-6.

Just as in *Abbott*, dismissal of the present litigation is proper here because Apotex has

withdrawn its ANDA from consideration by the FDA and there is no justiciable case or

controversy to support this Court's jurisdiction. *See also Merck & Co. v. Apotex, Inc.*, 488 F.

Supp. 2d 418, 424 (D. Del. 2007) (dismissing action for lack of subject matter jurisdiction where

patent holder offered convent not to sue); *Merck & Co. v. Watson Labs., Inc.*, 2006 U.S. Dist.

LEXIS 36026, at *10 (D. Del. June 2, 2006) (same).

## CONCLUSION

Because Apotex has withdrawn it ANDA covering Boehringer's product and because

Apotex has offered to drop its counterclaims against Boehringer, there is no longer a case or

controversy and this Court should grant Apotex's motion to dismiss.

4

**MURPHY & LANDON LLP**

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

*Attorneys for Defendants*
*Apotex, Inc. and Apotex Corp.*

*Of Counsel:*
Alan B. Clement
**LOCKE LORD BISSELL & LIDDELL LLP**
885 Third Avenue, 26th Floor
New York, NY  10022
(212) 947-4700
(212) 947-1202
aclement@lockelord.com

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
111 South Wacker Dr.
Chicago, Illinois  60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

Dated: June 2, 2008

5

152606

## CERTIFICATE OF SERVICE

I, Francis J. Murphy, hereby certify that on this 2nd day of June, 2008, I electronically filed APOTEX'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OF BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. with the Clerk of Court using CM/CEF which will send notification of such filings(s) to the following:

Jack B. Blumenfeld
Maryellen Noreika
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

I, Francis J. Murphy, hereby certify that on this 2nd day of June, 2008, I have mailed by United States Postal Service, the document(s) APOTEX'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OF BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. to the following non-registered participants:

Kenneth G. Schuler
Amanda J. Hollis
**LATHAM & WATKINS LLP**
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-770
Kenneth.Shuler@lw.com
Amanda.Hollis@lw.com

Carisa S. Yee
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600
Carisa.Yee@lw.com

**MURPHY & LANDON LLP**

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

152606

Exhibit 1

## Parr, Keith

| | |
|---|---|
| **From:** | Parr, Keith |
| **Sent:** | Tuesday, April 08, 2008 1:00 PM |
| **To:** | KENNETH.SCHULER@lw.com; Amanda.Hollis@lw.com; Carisa.Yee@lw.com; Blumenfeld, Jack; fmurphy@msllaw.com |
| **Cc:** | Abramowitz, David; Feder, Scott; Nelson, Kevin |
| **Subject:** | FW: Boehringer v Apotex - ANDA withdrawal notice and request to dismiss actions |
| **Attachments:** | 4-8-08 Letter regarding Notice of ANDA withdrawal and request to dismiss court actions re Ranitidine.pdf; Ranitidine Tablets 150 mg OTC - withdrawal FDA-356h.pdf; Ranitidine Tablets 150 mg OTC - withdrawal - Cover Letter.pdf |

Please see attached correspondence.

Regards,

KDP


Keith D. Parr, P.C.
Registered Patent Attorney
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL  60606-4410
312-443-0497 Direct
312-896-6497 Fax
kparr@lockelord.com
www.lockelord.com

Atlanta, Austin, Boston, Chicago, Dallas, Houston, London, Los Angeles, New Orleans, New York, Sacramento, Washington DC

111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

# Locke Lord Bissell & Liddell LLP

Attorneys & Counselors

Keith D. Parr, P.C.
Registered Patent Attorney
Direct Telephone: 312-443-0497
Direct Fax: 312-896-6497
kparr@lockelord.com

**VIA E-MAIL WITH CONFIRMATION**
**VIA OVERNIGHT COURIER**

April 8, 2008

Kenneth G. Schuler
Amanda J. Hollis
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606

Carisa S. Yee
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA  94025

Re:   Boehringer Ingelheim Pharmaceuticals, Inc. v. Apotex Inc. and Apotex Corp.
       U.S.D.C., D. Del (C.A. No. 08-65)

       Boehringer Ingelheim Pharmaceuticals, Inc. v Apotex, Inc. and Apotex Corp.
       U.S.D.C., Middle Dist. of Florida, Fort Myers
       2:08-cv-00098-MMH-SPC

I am writing to advise you that Apotex, Inc. has withdrawn its ANDA No. 79-127.  Copies of Apotex' letter to the FDA dated April 7, 2007 and its Form 356h notice of withdrawal are attached.  Accordingly, please proceed to dismiss the action pending in Delaware, as well as the action filed in Florida, as there is no longer any justicable controversy in either court.

Please let me know if you have any questions.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

Keith D. Parr, P.C.

KDP:dd

Enclosures

cc:   Jack B. Blumenfeld/Morris, Nichols, Arsht & Tunnell LLP
       Francis J. Murphy Jr./Murphy & Landon

<table>
<tr><td colspan="2">

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
FOOD AND DRUG ADMINISTRATION

# APPLICATION TO MARKET A NEW DRUG, BIOLOGIC, OR AN ANTIBIOTIC DRUG FOR HUMAN USE
(Title 21, Code of Federal Regulations, Parts 314 & 601)

</td><td>

*Form Approved: OMB No. 0910-0430*
*Expiration Date: April 30, 2009*
*See OMB Statement on page 2.*

**FOR FDA USE ONLY**

APPLICATION NUMBER

</td></tr>
</table>

**APPLICANT INFORMATION**

| NAME OF APPLICANT | DATE OF SUBMISSION |
|---|---|
| Apotex Inc. | 04/07/2008 |

| TELEPHONE NO. *(Include Area Code)* | FACSIMILE (FAX) Number *(Include Area Code)* |
|---|---|
| (416) 749 – 9300 | (416) 401 - 3809 |

| APPLICANT ADDRESS *(Number, Street, City, State, Country, ZIP Code or Mail Code, and U.S. License number if previously issued):* | AUTHORIZED U.S. AGENT NAME & ADDRESS *(Number, Street, City, State, ZIP Code, telephone & FAX number)* IF APPLICABLE |
|---|---|
| Apotex Inc.<br>150 Signet DriveToronto,<br>ON  M9L 1T9<br>CANADA | Apotex Corp.<br>2400 N. Commerce Parkway, Suite 400<br>Weston, Florida 33326<br>Tel: (954) 349-4217; Fax: (954) 349-4233 |

**PRODUCT DESCRIPTION**

NEW DRUG OR ANTIBIOTIC APPLICATION NUMBER, OR BIOLOGICS LICENSE APPLICATION NUMBER *(If previously issued)* 79-127

| ESTABLISHED NAME *(e.g., Proper name, USP/USAN name)*<br>Ranitidine Hydrochloride Tablets 150 mg OTC | PROPRIETARY NAME *(trade name)* IF ANY<br>N/A |
|---|---|

| CHEMICAL/BIOCHEMICAL/BLOOD PRODUCT NAME *(If any)*<br>Ranitidine Hydrochloride | CODE NAME *(If any)* |
|---|---|

| DOSAGE FORM:<br>Tablets | STRENGTHS:<br>150 mg | ROUTE OF ADMINISTRATION:<br>Oral |
|---|---|---|

(PROPOSED) INDICATION(S) FOR USE:
Relieves and prevents heartburn associated with acid indigestion and sour stomach

**APPLICATION DESCRIPTION**

APPLICATION TYPE *(check one)*  ☐ NEW DRUG APPLICATION (CDA, 21 CFR 314.50)  ☒ ABBREVIATED NEW DRUG APPLICATION (ANDA, 21 CFR 314.94)
☐ BIOLOGICS LICENSE APPLICATION (BLA, 21 CFR Part 601)

IF AN NDA, IDENTIFY THE APPROPRIATE TYPE  ☐ 505 (b)(1)  ☐ 505 (b)(2)

IF AN ANDA, OR 505(b)(2), IDENTIFY THE REFERENCE LISTED DRUG PRODUCT THAT IS THE BASIS FOR THE SUBMISSION

Name of Drug  Zantac® 150 Tablets          Holder of Approved Application  Boehringer Ingelheim

TYPE OF SUBMISSION *(check one)*  ☐ ORIGINAL APPLICATION   ☐ AMENDMENT TO APENDING APPLICATION   ☐ RESUBMISSION
☐ PRESUBMISSION   ☐ ANNUAL REPORT   ☐ ESTABLISHMENT DESCRIPTION SUPPLEMENT   ☐ EFFICACY SUPPLEMENT
☐ LABELING SUPPLEMENT   ☐ CHEMISTRY MANUFACTURING AND CONTROLS SUPPLEMENT   ☒ OTHER

IF A SUBMISSION OF PARTIAL APPLICATION, PROVIDE LETTER DATE OF AGREEMENT TO PARTIAL SUBMISSION: _____

IF A SUPPLEMENT, IDENTIFY THE APPROPRIATE CATEGORY   ☐ CBE   ☐ CBE-30   ☐ Prior Approval (PA)

REASON FOR SUBMISSION
Notification of withdrawal of ANDA 79-127

PROPOSED MARKETING STATUS *(check one)*   ☐ PRESCRIPTION PRODUCT (Rx)   ☒ OVER THE COUNTER PRODUCT (OTC)

NUMBER OF VOLUMES SUBMITTED   1          THIS APPLICATION IS   ☒ PAPER   ☐ PAPER AND ELECTRONIC   ☐ ELECTRONIC

ESTABLISHMENT INFORMATION (Full establishment information should be provided in the body of the Application.)
Provide locations of all manufacturing, packaging and control sites for drug substance and drug product (continuation sheets may be used if necessary). Include name, address, contact, telephone number, registration number (CFN), DMF number, and manufacturing steps and/or type of testing (e.g. Final dosage form, Stability testing) conducted at the site. Please indicate whether the site is ready for inspection or, if not, when it will be ready.

| Manufacturer:  Apotex Inc.<br> 50 Steinway Blvd.<br> Etobicoke, Ontario M9W 6Y3 | Contact: Bernice Tao<br>Director, Regulatory Affairs<br>Tel: (416) 401-7889 |
|---|---|

Cross References (list related License Applications, INDs, NDAs, PMAs, 510(k)s, IDEs, BMFs, and DMFs referenced in the current application)
NDA: 021698  ANDA 74-680 DMF 10998, 17698
NDA #18703, DMF #'s: 1356, 2518, 3484, 5036, 7505, 9644, 9775, 10767, 12967
76, 1378, 1725, 2488, 2518, 3310, 4837, 7092, 7325, 8763,

FORM FDA 356h (4/06)                                                                                    PAGE 1 OF 3

| | This application contains the following items: *(Check all that apply)* |
|---|---|
| ☐ | 1. Index |
| ☐ | 2. Labeling *(check one)*    ☐ Draft Labeling    ☐ Final Printed Labeling |
| ☐ | 3. Summary (21 CFR 314.50 (c)) |
| ☐ | 4. Chemistry section |
| ☐ |    A. Chemistry, manufacturing, and controls information (e.g., 21 CFR 314.50(d)(1); 21 CFR 601.2) |
| ☐ |    B. Samples (21 CFR 314.50 (e)(1); 21 CFR 601.2 (a)) (Submit only upon FDA's request) |
| ☐ |    C. Methods validation package (e.g., 21 CFR 314.50(e)(2)(i); 21 CFR 601.2) |
| ☐ | 5. Nonclinical pharmacology and toxicology section (e.g., 21 CFR 314.50(d)(2); 21 CFR 601.2) |
| ☐ | 6. Human pharmacokinetics and bioavailability section (e.g., 21 CFR 314.50(d)(3); 21 CFR 601.2) |
| ☐ | 7. Clinical Microbiology (e.g., 21 CFR 314.50(d)(4)) |
| ☐ | 8. Clinical data section (e.g., 21 CFR 314.50(d)(5); 21 CFR 601.2) |
| ☐ | 9. Safety update report (e.g., 21 CFR 314.50(d)(5)(vi)(b); 21 CFR 601.2) |
| ☐ | 10. Statistical section (e.g., 21 CFR 314.50(d)(6); 21 CFR 601.2) |
| ☐ | 11. Case report tabulations (e.g., 21 CFR 314.50(f)(1); 21 CFR 601.2) |
| ☐ | 12. Case report forms (e.g., 21 CFR 314.50 (f)(2); 21 CFR 601.2) |
| ☐ | 13. Patent information on any patent which claims the drug (21 U.S.C. 355(b) or (c)) |
| ☐ | 14. A patent certification with respect to any patent which claims the drug (21 U.S.C. 355 (b)(2) or (j)(2)(A)) |
| ☐ | 15. Establishment description (21 CFR Part 600, if applicable) |
| ☐ | 16. Debarment certification (FD&C Act 306 (k)(1)) |
| ☐ | 17. Field copy certification (21 CFR 314.50 (l)(3)) |
| ☐ | 18. User Fee Cover Sheet (Form FDA 3397) |
| ☐ | 19. Financial Information (21 CFR Part 54) |
| ☒ | 20. OTHER *(Specify)* Notice of Withdrawal |

**CERTIFICATION**

I agree to update this application with new safety information about the product that may reasonably affect the statement of contraindications, warnings, precautions, or adverse reactions in the draft labeling. I agree to submit safety update reports as provided for by regulation or as requested by FDA. If this application is approved, I agree to comply with all applicable laws and regulations that apply to approved applications, including, but not limited to the following:
1. Good manufacturing practice regulations in 21 CFR Parts 210, 211 or applicable regulations, Parts 606, and/or 820.
2. Biological establishment standards in 21 CFR Part 600.
3. Labeling regulations in 21 CFR Parts 201, 606, 610, 660, and/or 809.
4. In the case of a prescription drug or biological product, prescription drug advertising regulations in 21 CFR Part 202.
5. Regulations on making changes in application in FD&C Act section 506A, 21 CFR 314.71, 314.72, 314.97, 314.99, and 601.12.
6. Regulations on Reports in 21 CFR 314.80, 314.81, 600.80, and 600.81.
7. Local, state and Federal environmental impact laws.
If this application applies to a drug product that FDA has proposed for scheduling under the Controlled Substances Act, I agree not to market the product until the Drug Enforcement Administration makes a final scheduling decision.
The data and information in this submission have been reviewed and, to the best of my knowledge are certified to be true and accurate.
**Warning:** A willfully false statement is a criminal offense, U.S. Code, title 18, section 1001.

| SIGNATURE OF RESPONSIBLE OFFICIAL OR AGENT *for.* | TYPED NAME AND TITLE<br>Kiran Krishnan<br>Associate Director, Regulatory Affairs<br>Apotex Corp. | DATE:<br>Apr 7/08 |
|---|---|---|
| ADDRESS *(Street, City, State, and ZIP Code)*<br>2400 N. Commerce Parkway, Suite 400<br>Weston, Florida 33326 | | Telephone Number<br>( 954 ) 384-3986 |

**Public reporting burden for this collection of information** is estimated to average 24 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to:

Department of Health and Human Services
Food and Drug Administration
Center for Drug Evaluation and Research
Central Document Room
5901-B Ammendale Road
Beltsville, MD 20705-1266

Department of Health and Human Services
Food and Drug Administration
Center for Biologics Evaluation and Research (HFM-99)
1401 Rockville Pike
Rockville, MD 20852-1448

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.



April 7, 2008

Office of Generic Drugs, CDER, FDA
Document Control Room
Metro Park North II
7500 Standish Place, Room 150
Rockville, MD 20855-2773

RE:    **ANDA 79-127**
       **Ranitidine Hydrochloride Tablets USP 150 mg (OTC)**
       **Notice of Withdrawal**

To Whom it may Concern:

We hereby provide notification that we would like to withdraw the ANDA 79-127
application dated July 19, 2007 for Ranitidine Hydrochloride Tablets USP 150 mg (OTC)
tablets in accordance with 21 CFR 314.65.

A form 356h is provided.

Should you have any further questions, please do not hesitate to contact me at tel: (416) 401-
7889 or fax: (416) 401-3809.

Sincerely,

for Bernice Tao
Director, Regulatory Affairs US



Exhibit 2

**Daum, Dee**

| | |
|---|---|
| **From:** | Parr, Keith |
| **Sent:** | Wednesday, May 14, 2008 5:11 PM |
| **To:** | KENNETH.SCHULER@lw.com |
| **Cc:** | Nelson, Kevin |
| **Subject:** | Re: Boehringer v. Apotex |
| **Attachments:** | Boehringer Stipulated Dismissal and Order.DOC |

Ken,

I have attached a proposed form of Stipulated Dismissal and Order for your review and approval. Please let me know if it is acceptable on your side and I will arrange to see that it gets filed and entered.

Thanks and Regards,

KDP

Keith D. Parr, P.C.
Registered Patent Attorney
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL 60606-4410
312-443-0497 Direct
312-896-6497 Fax
kparr@lockelord.com
www.lockelord.com

Atlanta, Austin, Boston, Chicago, Dallas, Houston, London, Los Angeles, New Orleans, New York, Sacramento, Washington DC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 08-65 (SLR) |
| APOTEX INC. and APOTEX CORP. | ) ) | |
| Defendants. | ) | |

## STIPULATED DISMISSAL AND ORDER

Pursuant to the stipulation and consent of Plaintiff Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") and Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), this Court hereby issues the following Stipulated Dismissal and Order.

## STIPULATED FACTS

1.      Boehringer is the holder of approved NDA No. 02-1698 for Ranitidine Hydrochloride tablets OTC, which are sold under the trademark ZANTAC® 150 and ZANTAC® 150 Cool (hereinafter the "ZANTAC® 150 OTC products"). Boehringer also is the assignee of United States Patent No. 5,098,715 ("the '715 Patent").

2.      By letter dated December 18, 2008, Apotex, Inc. informed Boehringer that it had submitted Abbreviated New Drug Application ("ANDA") No. 79-127 to the Food and Drug Administration for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, and/or sale of generic Ranitidine Hydrochloride Tablets USP 150 mg (OTC) described therein prior to the expiration of the '715 Patent, which is listed in the FDA's Orange Book for Boehringer's Zantac® 150 mg OTC product.

3.      Boehringer filed a complaint against Apotex in this Court on January 31, 2008, charging Apotex with infringement of the '715 Patent pursuant to 35 U.S.C. § 271(e)(2).

4.      This Court had subject matter jurisdiction over this patent infringement action and personal jurisdiction over Boehringer and Apotex when the complaint was filed.  Venue was proper within this judicial district.

5.      On April 7, 2008 Apotex, Inc. informed the FDA that it was withdrawing ANDA No 79-127 for Ranitidine Hydrochloride Tablets USP 150 mg (OTC) in accordance with 21 CFR § 314.65.

6.      The Court, therefore, no longer has subject matter jurisdiction over this matter, as the filing of Apotex's ANDA was the act of infringement giving rise to this suit under 35 U.S.C. § 271(e)(2).

7.      Thus, the parties have agreed to dismissal of all claims and defenses without prejudice.

8.      Apotex further agrees not to refile or reopen ANDA No. 79-127 seeking approval to market Ranitidine Hydrochloride Tablets USP 150 mg (OTC) prior to the expiration of the '715 Patent, including any extension thereof.

**NOW THEREFORE**, based on the above stipulations, the Court hereby **ORDERS** that:

1.      Based upon the stipulations of the parties as set forth herein, as to which the Court expresses no findings or conclusions, the Court herby dismisses all counts for infringement in the complaint without prejudice.

2.      The Court also dismisses without prejudice Apotex's counterclaims relating to

invalidity or unenforceability of the '715 Patent.

3.      Boehringer and Apotex expressly waive their right to appeal or otherwise move for relief from this Order.

4.      Each party shall bear its, own fees and costs in connection with this action, including attorney fees.;

5.      The Clerk of the Court is directed to enter this Order forthwith.

**SO ORDERED.**

Dated: April __, 2008

_____

United States District Judge

**STIPULATED AND CONSENTED TO BY:**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
Attorneys for Plaintiff
Boehringer Ingelheim Pharmaceuticals, Inc.

Of Counsel:

Kenneth G. Schuler
Amanda J. Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Carisa S. Yee
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park; CA. 94025
(650) 328-4600


Date:  _____

4

**STIPULATED AND CONSENTED TO BY:**

_____

Francis J. Murphy, DE I.D. No. 223
Jonathan L. Parshall, D.E. I.D. No. 3247
MURPHY & LANDON
1011 Centre Road, Suite 210
Wilmington, Delaware 19805
(302) 472-8103
(302) 472-8135 (fax)

Of Counsel:
Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCK LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, IL 60606
(312) 443-0700
(312) 443-0336 (fax)